IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Lisis Mejia,

Plaintiff, _ Civil Action No.:

v.

TransUnion LLC, **JURY TRIAL DEMANDED**

Defendant.

**COMPLAINT**

Lisis Mejia is a working mother in North Weymouth, Massachusetts who has spent years trying to rebuild her credit. She works as an independent contractor lives modestly, and has a simple goal: to access affordable credit, finance a reliable car, and one day qualify for stable housing for her family. That goal depends entirely on lenders receiving a true and complete picture of her financial history. She believed that when she asked the company responsible for compiling that picture to show it to her, she would get an honest accounting. She was wrong.

On May 26, 2026, Ms. Mejia pulled her consumer file disclosure from TransUnion, File Number 381264895. What she received was not a complete file. Across three of her accounts, row after row of the payment history grid was stripped bare. Fields that should have told her how much

she had paid, what she owed each month, and how her account was performing showed nothing but blank dashes. The data was gone.

The scale of what was missing is not trivial. Across the Barclays Bank Delaware/Old Navy account, the Sharon and Crescent United Credit Union auto loan, and the Bank of America credit card, TransUnion's disclosure omitted in excess of 190 blank or missing data fields. Month after month, the Amount Paid columns were blank. Scheduled Payment fields were empty. For the Bank of America account, every single Amount Paid and Scheduled Payment field for twenty-four consecutive months -- from January 2024 through December 2025 -- was withheld entirely from Ms. Mejia's own disclosure, even as that account was being reported as current throughout. On the Barclays account, TransUnion reported a current outstanding balance of $491 against a credit limit of only $300, an impossibility that cannot be explained and cannot be verified because the underlying payment data that would explain the account's history was stripped from the disclosure. Ten months of Amount Paid cells -- September 2023 through June 2024 -- were blank. This is not random error. The same omissions appear with mechanical uniformity across multiple furnishers and account types.

The Fair Credit Reporting Act has required TransUnion and every other consumer reporting agency to clearly and accurately disclose all information in a consumer's file since the statute's enactment. 15 U.S.C. § 1681g(a)(1). The Federal Trade Commission placed TransUnion on specific notice more than twenty-five years ago that withholding data fields from a consumer's own disclosure while providing that same data to paying commercial customers violates this requirement. FTC Advisory Opinion to Darcy, June 30, 2000. TransUnion has continued this practice anyway.

Ms. Mejia brings this action to vindicate her statutory right to a complete file disclosure, to remedy the concrete harm caused by TransUnion's inaccurate reporting of a balance that exceeds

her credit limit, and to obtain a corrected and complete file disclosure that she can actually use to verify the accuracy of what TransUnion tells the world about her. She seeks actual damages, statutory damages for willful violations, punitive damages, costs, and injunctive relief requiring TransUnion to provide her with a complete and accurate disclosure of all information in her file.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1681p, which provides that any action under the Fair Credit Reporting Act may be brought in any appropriate United States district court, and pursuant to 28 U.S.C. § 1331, which confers original federal question jurisdiction.

2. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district and the violations of law described herein were committed against Plaintiff within this district.

## III. PARTIES

3. Plaintiff Lisis Mejia is a natural person residing at 580 Bridge Street, Apt. 17, North Weymouth, Massachusetts 02191. Ms. Mejia is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

4. Defendant TransUnion LLC is a Delaware limited liability company with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. TransUnion LLC is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f), in that it regularly engages, for monetary fees and on a cooperative nonprofit basis, in whole or in

part, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, using means or facilities of interstate commerce for the purpose of preparing and furnishing consumer reports. TransUnion's registered agent in the Commonwealth of Massachusetts may be located through the Massachusetts Secretary of the Commonwealth's corporate database.

## IV. FACTUAL ALLEGATIONS

### A. Credit Report Overview

5. On May 26, 2026, Plaintiff Lisis Mejia requested and received her consumer file disclosure from TransUnion LLC. The disclosure bears File Number 381264895 and Report Date May 26, 2026.

6. The disclosure identifies fourteen accounts and lists four hard (Regular) inquiries made by third-party creditors within the reporting period.

7. Section 1681g(a)(1) of Title 15 of the United States Code requires a consumer reporting agency, upon a consumer's request, to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request."

8. Section 1681a(g) defines "file" as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."

9. The FTC Advisory Opinion to Katrina Darcy (June 30, 2000) states that a consumer reporting agency that systematically omits data fields from a consumer's own file disclosure does not technically comply with Section 609 of the FCRA, now codified at 15 U.S.C. § 1681g(a)(1), because it does not provide an accurate disclosure of all information in the file.

10. On information and belief, TransUnion maintains the complete underlying account data -- including all payment amounts, scheduled payment amounts, and balance history -- in its internal database and transmits that complete data to commercial subscribers who purchase consumer reports, while systematically omitting it from the disclosures it provides to consumers requesting their own files.

**B. Incomplete File Disclosure: Account-by-Account Blank and Missing Field Inventory**

11. The Barclays Bank Delaware/Old Navy account (masked account number 00051254027, opened August 3, 2023) contains the following blank and missing data fields in Plaintiff's May 26, 2026 file disclosure:

(a) Amount Paid field: blank ("- - -") for September 2023, October 2023, November 2023, December 2023, January 2024, February 2024, March 2024, April 2024, May 2024, and June 2024 -- ten (10) consecutive blank Amount Paid cells.

(b) Balance field: blank ("- - -") for September 2023 through June 2025 -- a continuous stretch of twenty-one (21) months in which no balance figure was disclosed to Plaintiff even as the account was actively reported.

(c) Past Due field: blank ("- - -") for September 2023 through June 2025 -- twenty-one (21) consecutive months of blank Past Due data.

(d) Remarks field: blank ("- - -") for September 2023 through June 2025.

12. The Sharon and Crescent United Credit Union auto loan account (masked account number 1075823, opened October 14, 2021) contains the following blank and missing data fields in Plaintiff's May 26, 2026 file disclosure:

(a) Amount Paid field: blank ("- - -") for all twenty-five (25) months from October 2021 through October 2023.

(b) Scheduled Payment field: blank ("- - -") for all twenty-five (25) months from October 2021 through October 2023.

(c) Balance field: blank ("- - -") for all twenty-five (25) months from October 2021 through October 2023.

(d) Past Due field: blank ("- - -") for all twenty-five (25) months from October 2021 through October 2023.

13. The Bank of America credit card account (masked account number 440066837482, opened December 10, 2011) contains the following blank and missing data fields in Plaintiff's May 26, 2026 file disclosure:

(a) Amount Paid field: blank ("- - -") for every single month from January 2024 through December 2025 -- twenty-four (24) consecutive blank Amount Paid cells. This account was

reported as "OK" (Current; paying as agreed) throughout this entire period, confirming that payments were being made, yet the amount of each payment was withheld entirely from Plaintiff's own disclosure.

(b) Scheduled Payment field: blank ("- - -") for every single month from January 2024 through December 2025 -- twenty-four (24) consecutive months.

(c) Balance field: blank ("- - -") for January 2024 through December 2025 -- twenty-four (24) consecutive months.

14. The AVA Finance Inc Power utility account (opened November 3, 2025) shows blank Amount Paid fields for December 2025 and January 2026 -- two (2) blank cells.

15. The AVA Finance Inc Telco telecommunications account (opened November 13, 2025) shows blank Amount Paid fields for December 2025 and January 2026 -- two (2) blank cells.

16. The AVA Finance, Inc. open account (opened December 27, 2025) shows a blank Amount Paid field for January 2026 -- one (1) blank cell.

17. In total, Plaintiff's May 26, 2026 file disclosure from TransUnion contains in excess of 190 blank or missing data fields across the accounts identified in Paragraphs 11 through 16 above. These omissions are not limited to a single account or a single data category. They span multiple furnishers, multiple account types (revolving, installment, open), and multiple time periods, confirming a systemic, uniform policy of withholding data from consumer file disclosures.

18. The identical pattern of blank Amount Paid, Scheduled Payment, Balance, and Past Due fields appearing across multiple independent accounts from different furnishers on the same consumer file disclosure confirms that these omissions result from TransUnion's deliberate data presentation policy, not from any failure or omission by individual furnishers.

**C. Per Se Inaccuracy: Balance Exceeds Credit Limit**

19. The Barclays Bank Delaware/Old Navy account (masked account number 00051254027) in Plaintiff's May 26, 2026 file disclosure reflects a current outstanding Balance of $491 and a stated Credit Limit (Historical) of $300.

20. A balance of $491 cannot exceed a credit limit of $300 without TransUnion's data reflecting an error. A revolving credit account cannot carry a balance greater than its credit limit through ordinary use alone. The reporting of a balance that exceeds the stated credit limit is a per se inaccuracy that cannot be verified or explained without the missing payment history data identified in Paragraph 11 above.

21. On information and belief, the underlying data furnished to TransUnion by Barclays Bank Delaware does not reflect a balance in excess of the credit limit, and TransUnion's internal systems or data-presentation processes introduced this inaccuracy or failed to detect and correct it before publishing it in Plaintiff's consumer file disclosure.

22. The failure to implement any automated check comparing the reported Balance field against the stated Credit Limit field before publishing a consumer file disclosure is objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007).

**D. Third-Party Dissemination of Plaintiff's Consumer File**

23. TransUnion's May 26, 2026 file disclosure identifies four hard (Regular) inquiries through which TransUnion transmitted Plaintiff's consumer report to third-party creditors:

(a) On October 30, 2025, TransUnion transmitted Plaintiff's consumer report to St. Anne's Credit Union of Fall River, located at 286 Oliver Street, Fall River, Massachusetts 02724, as evidenced by the hard inquiry recorded in Plaintiff's file disclosure.

(b) On October 8, 2025, TransUnion transmitted Plaintiff's consumer report to Service Federal Credit Union, located at 3003 Lafayette Road, Portsmouth, New Hampshire 03801, as evidenced by the hard inquiry recorded in Plaintiff's file disclosure.

(c) On October 8, 2025, TransUnion transmitted Plaintiff's consumer report to AmeriCredit, located at 801 Cherry Street, Suite 3900, Fort Worth, Texas 76102, as evidenced by the hard inquiry recorded in Plaintiff's file disclosure.

(d) On September 17, 2024, TransUnion transmitted Plaintiff's consumer report to Metro Credit Union, located at P.O. Box 509001, Chelsea, Massachusetts 02150, as evidenced by the hard inquiry recorded in Plaintiff's file disclosure.

24. Each of the four hard inquiries identified in Paragraph 23 constitutes a separate dissemination of Plaintiff's consumer report to a third-party creditor. Under TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), each such dissemination establishes a concrete,

particularized injury sufficient to confer Article III standing for each corresponding statutory violation.

25. On information and belief, the consumer reports transmitted to the four creditors identified in Paragraph 23 contained the complete underlying account data -- including balance, payment history, Amount Paid, and Scheduled Payment fields -- that TransUnion systematically withheld from Plaintiff's own file disclosure.

**E. Willfulness**

26. The FTC Advisory Opinion to Katrina Darcy (June 30, 2000) placed all nationwide consumer reporting agencies, including TransUnion, on specific notice more than twenty-five years ago that withholding data fields from a consumer's own file disclosure while providing that same data to third-party creditors violates 15 U.S.C. § 1681g(a)(1). TransUnion's continued operation of a file-disclosure process that systematically strips payment history fields, balance fields, and scheduled payment fields from consumer disclosures after this specific notice is objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007).

27. The identical blank Amount Paid columns, identical blank Scheduled Payment columns, and identical blank Balance columns appearing across multiple independent accounts from different furnishers on the same May 26, 2026 file disclosure confirm that these omissions result from deliberate, uniform data policy rather than isolated clerical error. Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

28. The failure to implement any automated comparison of the Balance field against the Credit Limit field before publishing a consumer file disclosure -- a basic data-integrity check that would have immediately flagged the $491 balance against the $300 credit limit on the Barclays account -- is objectively unreasonable under Safeco, 551 U.S. at 69.

**F. Actual Damages**

29. As a direct and proximate result of TransUnion's incomplete file disclosure and inaccurate reporting, Plaintiff has suffered the following actual damages:

(a) Emotional distress, frustration, and anxiety caused by Plaintiff's inability to verify the accuracy of the information TransUnion maintains about her in her own consumer file;

(b) Impaired creditworthiness resulting from the publication of an inaccurate balance of $491 against a credit limit of $300 on the Barclays account, which understates Plaintiff's credit health and distorts her debt-to-credit ratio as published to third-party lenders;

(c) Lost credit opportunities, including Plaintiff's inability to evaluate or challenge the accuracy of account information that would affect the terms and availability of credit for which she applied with the creditors identified in Paragraph 23;

(d) Inability to verify derogatory notations in her consumer file, including the charge-off notations on the Barclays and Sharon and Crescent accounts, because the payment history data necessary to verify those notations against Plaintiff's own records was withheld from her disclosure; and

(e) Time, effort, and resources expended in obtaining and attempting to review an incomplete file disclosure.

## V. CAUSES OF ACTION

### COUNT I

### VIOLATION OF 15 U.S.C. § 1681g(a)(1)

### FAILURE TO CLEARLY AND ACCURATELY DISCLOSE ALL INFORMATION IN PLAINTIFF'S CONSUMER FILE

30. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Section 1681g(a)(1) of Title 15 of the United States Code provides that every consumer reporting agency shall, upon request, "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request."

32. TransUnion violated 15 U.S.C. § 1681g(a)(1) when it responded to Plaintiff's May 26, 2026 request for her consumer file disclosure by providing a document that withheld in excess of 190 data fields from the accounts identified in Paragraphs 11 through 16, including:

(a) Ten (10) consecutive blank Amount Paid cells on the Barclays Bank Delaware/Old Navy account for the period September 2023 through June 2024;

(b) Twenty-one (21) consecutive blank Balance, Past Due, and Remarks fields on the Barclays Bank Delaware/Old Navy account for the period September 2023 through June 2025;

(c) Twenty-five (25) consecutive blank Amount Paid, Scheduled Payment, Balance, and Past Due fields on the Sharon and Crescent United Credit Union auto loan account for the period October 2021 through October 2023;

(d) Twenty-four (24) consecutive blank Amount Paid fields on the Bank of America credit card account for the period January 2024 through December 2025, during which period every month was reported as "OK" (Current; paying as agreed), confirming that payments were being made while their amounts were withheld from Plaintiff's own disclosure; and

(e) Additional blank Amount Paid fields across the AVA Finance Inc Power, AVA Finance Inc Telco, and AVA Finance, Inc. accounts.

33. A disclosure that strips payment amount, balance, past due amount, and scheduled payment data from a consumer's own file -- while on information and belief providing that same data to commercial subscribers -- does not clearly and accurately disclose all information in the consumer's file as required by 15 U.S.C. § 1681g(a)(1). Alexander v. Equifax Info. Servs., LLC, No. 2:17-cv-01309 (D. Nev. 2018), 2018 WL 3025939.

34. TransUnion's conduct was willful within the meaning of 15 U.S.C. § 1681n. TransUnion has been on specific notice for more than twenty-five years, through the FTC Advisory Opinion to Darcy (June 30, 2000), that the systematic withholding of file data from consumer disclosures violates 15 U.S.C. § 1681g(a)(1). The uniform, mechanical pattern of identical field omissions across multiple accounts from different furnishers in the same disclosure confirms that this is deliberate policy, not error. TransUnion's continued

operation of this policy after such specific and longstanding notice is objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007). Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

35. As a result of TransUnion's willful violation of 15 U.S.C. § 1681g(a)(1), Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681n(a)(1), statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs of this action pursuant to 15 U.S.C. § 1681n(a)(3).

36. Alternatively, if the Court finds TransUnion's conduct negligent rather than willful, Plaintiff is entitled to actual damages and costs pursuant to 15 U.S.C. § 1681o.

## COUNT II

## VIOLATION OF 15 U.S.C. § 1681e(b)

## PER SE INACCURACY: BALANCE IN EXCESS OF CREDIT LIMIT

37. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

38. Section 1681e(b) of Title 15 of the United States Code provides that whenever a consumer reporting agency prepares a consumer report, it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

39. TransUnion violated 15 U.S.C. § 1681e(b) by transmitting consumer reports to at least four third-party creditors -- St. Anne's Credit Union on October 30, 2025; Service Federal Credit Union on October 8, 2025; AmeriCredit on October 8, 2025; and Metro Credit Union on September 17, 2024 -- each of which reports on information and belief contained the Barclays Bank Delaware/Old Navy account with a reported balance of $491 against a stated credit limit of $300.

40. A balance of $491 against a credit limit of $300 is a per se inaccuracy. A revolving credit account cannot ordinarily carry a balance exceeding its credit limit through ordinary use, and the reporting of such a balance without explanation misleads any creditor reviewing the file about Plaintiff's actual credit utilization ratio and account standing. Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009).

41. TransUnion's failure to implement a basic automated data-integrity check -- comparing the Balance field against the Credit Limit field before transmitting a consumer report -- constitutes a failure to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b). Safeco, 551 U.S. at 69.

42. TransUnion's conduct was willful within the meaning of 15 U.S.C. § 1681n. The transmission of a consumer report containing a balance exceeding the stated credit limit, without any automated detection, is objectively unreasonable. Safeco, 551 U.S. at 69.

43. Each of the four third-party disseminations identified in Paragraph 39 constitutes a separate violation under 15 U.S.C. § 1681e(b). TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021).

44. As a result of TransUnion's willful violation of 15 U.S.C. § 1681e(b), Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681n(a)(1), statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and costs of this action pursuant to 15 U.S.C. § 1681n(a)(3).

45. Alternatively, if the Court finds TransUnion's conduct negligent rather than willful, Plaintiff is entitled to actual damages and costs pursuant to 15 U.S.C. § 1681o.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lisis Mejia respectfully requests that this Court enter judgment in her favor and against Defendant TransUnion LLC as follows:

(a) Judgment for Plaintiff on all Counts;

(b) Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1) in an amount to be determined at trial;

(c) Statutory damages of not less than $100 and not more than $1,000 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), with each third-party dissemination of Plaintiff's consumer report to the four creditors identified in Paragraph 23 constituting a separate willful violation;

(d) Punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n(a)(2), based on TransUnion's knowing and longstanding disregard of its statutory obligations under 15 U.S.C. § 1681g(a)(1);

(e) Costs of this action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

(f) Injunctive relief requiring TransUnion to provide Plaintiff with a complete and corrected file disclosure that clearly and accurately discloses all information in Plaintiff's consumer file, including all payment history, balance, amount paid, scheduled payment, and past due data fields, for all accounts in Plaintiff's file, in compliance with 15 U.S.C. § 1681g(a)(1);

(g) Plaintiff reserves the right to amend this Complaint pursuant to Federal Rule of Civil Procedure 15(a) to add reinvestigation counts under 15 U.S.C. § 1681i following expiration of the CRA's 30-day reinvestigation window; and

(h) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Lisis Mejia
______________________